quinn emanuel trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7318**

WRITER'S EMAIL ADDRESS
**ryanrakower@quinnemanuel.com**

May 4, 2026

**VIA ECF**

Assigned Judge
United States District Court for the Southern District of New York

Re:    *Electrical Medical Trust, et al. v. U.S. Anesthesia Partners, Inc., et al.*, No. 4:23-cv- 04398
(S.D. Tex.) – Miscellaneous Action against The Segal Group   26-MC-198 (JMF)

Dear Assigned Judge:

Pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rules 5.2(b) and 7.1(d), and the United States District Court, Southern District of New York's Sealed Records Filing Instructions ("Filing Instructions"), Movant U.S. Anesthesia Partners, Inc. ("USAP") respectfully submits this letter requesting leave to file under seal Exhibits A-F (the "Proposed Sealed Exhibits") and to file redacted portions of its Memorandum In Support of its Motion to Compel The Segal Group ("Segal") To Comply With Movant's Subpoenas.

The Second Circuit has recognized a common law and First Amendment right of public access to judicial documents, but that right is not absolute and must be balanced against countervailing factors, including the privacy interests of third parties and confidential business information. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Courts must weigh the presumption of access against such interests and may order sealing where those interests predominate. *Id.*; *see also In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) ("Although the right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute."); *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995) ("Every court has supervisory power over its own records and files, and access [can be] denied where court files might have become a vehicle for improper purposes.") (citation omitted). "Redaction may be appropriate to protect confidential information." *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *1 (S.D.N.Y Sept. 21, 2023).

Movant seeks to provisionally file under seal the Proposed Sealed Exhibits, which its opposing parties, Electrical Medical Trust and Plumbers Local Union No. 68, have designated as

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

2

confidential in the underlying case. It does so to maintain any confidential business information. Out of an abundance of caution, Movant also seeks to redact those portions of the brief which discuss the Proposed Sealed Exhibits in a way that could reveal protected information.

Best regards,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Ryan Rakower*

Ryan Rakower

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 2.

SO ORDERED.

May 5, 2026

2